Whitakek, Judge,
delivered the opinion of the court:
This is a suit by a retired enlisted man of the United States Marine Corps to recover the retired allowances for the period *11 from March 16,1928, when he completed thirty years’ service, until June 8, 1939, at which time the Major General Commandant of the Marine Corps corrected his former finding as to the expiration of plaintiff’s thirty years’ service, and' from which time the plaintiff has received the retired pay and allowances to which he is entitled.
Plaintiff was retired on November 1,1930, for physical disability. At that time the Marine Corps determined that he-would complete thirty years’ Naval service on May 19,1940.[1] Thereafter, on May 14,1935 the Major General Commandant of the Marine Corps discovered that in his former computation of the expiration of plaintiff’s thirty years’ service he had failed to allow him double time for the peripd of his service ■ in the Philippine Islands and China, and that, accordingly, the date of the expiration of his thirty years’ service was May-27, 1935, instead of May 19, 1940, as he had formerly computed it. However, he advised plaintiff that the Comptroller-General had ruled that once the date of the expiration of the thirty years’ service had been determined and plaintiff had' been retired, this date could not thereafter be changed. This; ruling was made because of the provisions of section 2 of the Act of May 23,1930 (46 Stat. 375), which provided in part::
All transfers of enlisted men * * * heretofore or hereafter made * * * shall be conclusive for all purposes, and all men so transferred shall from date of transfer be entitled to pay and allowances in accordance with their ranks or rating and length of service as determined by the Navy Department at time of transfer.
At the time of plaintiff’s retirement it had been determined, by the Navy Department that his thirty years’ service would expire on May 19, 1940 and, therefore, notwithstanding the- *12 ■later discovery of the error, it was thought this Act prevented its correction.
Later, Congress passed the Act of June 25, 1938 (52 Stat. 1175), section 202 of which contained a proviso substantially reenacting section 2 of the Act of 1930, supra, but with the ■further proviso:
* * * That the Secretary of the Navy, upon discovery of any error or omission in the service, rank, or rating for transfer or retirement, is authorized to correct the same and upon such correction the person so transferred or retired shall be entitled to pay and allowances, in accordance with his rank or rating and length of service as determined by the Secretary of the Navy.
Under the permission thus granted to correct the error ■committed, the Secretary of the Navy on June 8, 1939 corrected the date of the expiration, of plaintiff’s thirty years’ service to May 27, 1935, and plaintiff has been paid retired pay and allowances from the date of the correction. He was not paid from the date of the expiration of his thirty years’ service because of decisions of the Comptroller General holding that after correction of the retirement date the- retired ■enlisted man was entitled to pay and allowances only from the date of the correction; it was held he was not entitled to back pay and allowances.
The correctness of this ruling is the question presented.
It should be stated further that the Major General Commandant of the Marine Corps discovered still later, on February 7,1941, that plaintiff’s thirty years’ service had expired even before May 27,1935, to wit, on March 16, 1928. Plaintiff’s suit, therefore, is for Lack pay and allowances from March 16,1928 to June 8,1939.
Plaintiff’s rights depend upon the proper construction of the two provisos of section 202 of the Act of June 25, 1938, ■supra. The first proviso reads: *13 Plaintiff was transferred to the retired list on November 1, 1930, and if on that date he had completed thirty years’ service, he would be entitled to retired pay and allowances from that date. The Secretary of the Navy on April 29, 1941 found that he had completed thirty years’ service on March 16,1928.
*12 * * * Provided, That all transfers * * * heretofore or hereafter made by the Secretary of the Navy, shall be. conclusive for all purposes, and all members so transferred shall, from, the date of transfer, be entitled to pay and allowances, in accordance with their ranks or ratings and length of service as determined by the Secretary of the Navy. [Italics ours.]
*13 Except for the error made by the Major General Commandant at the time of plaintiff’s retirement, he would have received retired pay and allowances from November 1, 1930. He, however, was refused it on account of the provisions of the Act of May 23, 1930, supra,, making the Secretary’s finding at the time conclusive. Congress, however, in passing the Act of June 25, 1938, supra, sought to remedy such situations and added the second proviso above referred to permitting the Secretary of the Navy to correct such errors.
This, of course, was a remedial statute passed to permit the remedy of wrongs committed through error. If this language is to be construed as the defendant contends, to operate only from the date of the correction, the wrong- will be corrected only in part. We are of opinion that Congress intended to fully correct the wrong committed and, therefore, to permit payment of all pay and allowances, not from, the date of the correction, but “from the date of transfer.” Under the first proviso in section 202, supra, retired enlisted men were expressly entitled to retired pay “from the date of transfer” to the retired list. This plaintiff is entitled to retired pay “from the date of transfer,” having at that time completed thirty-years’ service, and he would have been receiving it except for the error committed by the Secretary of the Navy. The Secretary of the Navy has corrected the error by later finding that the plaintiff had completed his thirty years’ service before the date of his transfer to the retired list.
There is nothing in the Act which fixes the beginning of the right to retired pay as the date the error is corrected. The basic provision of the Act is that it shall begin “from the date of transfer.” In the absence of such an express limitation, we must conclude that Congress intended the right to begin from the date of transfer, both in the case of *14 men whose service had been properly computed at the time and those whose service first had been improperly computed and later corrected.
For what reason could Congress have wanted to make a distinction between the two classes? Both of them would have been receiving retired pay beginning “from the date of transfer,” except for the error committed by the defendant’s officers. Surely Congress did not intend to take any advantage of an error committed. Its plain purpose, it seems to us, was to completely remedy any wrong done by the commission of the error.
If there can be any doubt about the correctness of this conclusion, we think that doubt is removed by a comparison between the bill as originally introduced and as finally passed. As originally introduced, the second proviso read that the Secretary of the Navy might correct the error “and upon such correction, the person so transferred or retired shall be entitled to pay and allowances, in accordance with his rank or rating and length of service as determined by the Secretary of the Navy, as of the date of such determination.” Had the italicized language remained in the bill there would have been room for the construction that the pay and allowances were to start on the date of the determination, but that this language was stricken by Congress when they passed the Act is a clear indication that it did not intend it to start from this date, but rather from the date that other enlisted men were entitled to it, that is, from the date of transfer to the retired list.
At the time of his retirement plantiff did not make application for retired pay and allowances on account of the expiration of thirty years’ service, because he was told it would not expire until 1940. Later, when advised by the Major General Commandant on May 14,1935, that his thirty years’ service would expire on May 27, 1935, he was at the same time told that he was ineligible to receive additional allowances until May 19, 1940, on account of a decision by the Comptroller General under the Act of May 23,1930, and later, when on June 8,1939 the expiration of his thirty years’ service was formally corrected, he was again advised that such correction was prospective only. Notwithstanding this, *15 however, plaintiff did file a claim with the General Accounting Office as soon as the thirty years had expired as then computed, to wit, on May 27, 1935, but this claim was rejected.
We are of the opinion that the plaintiff is entitled to recover back pay and allowances from the date he was transferred to the retired list, to wit, November 1,1930, until June 8,1939, after which date he has been paid the pay and allowances to which he is entitled.
Plaintiff is not entitled to recover from March 16, 1928, because he was not transferred to the retired list until November 1, 1930, and his retired pay begins with the date of his transfer. *
Judgment will be suspended until the incoming of a report from the General Accounting Office of the amount to which the plaintiff is entitled, computed in accordance with the findings of fact and this opinion. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.
In the above case, upon a report from the General Accounting Office showing the amount due plaintiff in accordance with the Court’s decision to be $1,625.93, judgment was entered November 1,1943, for plaintiff in the sum of $1,625.93.