Madden, Judge,
delivered the opinion of the court:
The plaintiff, upon his completion of twenty years’ actual service in the United States Marine Corps on February 25, 1924, was, at his request, transferred to the Fleet Marine Corps Reserve in the grade of sergeant. He would, on the basis of actual time spent in service, and in the Reserve, have been ■eligible for retirement, with the allowances for rations, clothing, quarters, fuel and light appertaining thereto, on February 25, 1934, when his time would have been 30 years. But on January 6, 1931, the Navy Department decided that Marines were entitled, as army men were, to have time spent by them in foreign service counted double, in computing the time at which they could retire with allowances. On January 15,1931, the proper official advised the plaintiff that he would, •on February 1,1931, be placed on the retired list. This was ■done, and from that time forward the plaintiff has been paid the proper allowances:
Counting periods when the plaintiff had served in Guam, the Philippines, and China, as double time, the plaintiff had ■completed “thirty years” service on July 4,1928, and he had, therefore, been eligible for retirement for some two and one-half years before he was transferred to the retired list. On July 24,1941, that fact seems to have occurred to the plaintiff ■and he wrote to the proper authorities inquiring about it. He was advised on July 30 that the records so showed. He sues here for the allowances which he would have received during the period of two and one-half years, which would have ■amounted to a total of $486.67.
The defendant urges that the plaintiff’s claim is barred by the statute of limitations, the period of which is six years. We think it is barred. The right to be transferred to the retired list and to receive the allowances accrued in July, 1928, and monthly thereafter until February 1931 when the pay *794 ment of allowances began. To be sure, even the officials of the Marine Corps seem to have been unaware of the right of Marines to have their foreign service time counted as double, until January, 1931, when they so decided. But from that time the law was settled, and any person who had rights under the law could have learned what his rights were. Whatever rights the plaintiff had accrued in 1931 and before, so his petition in this suit, filed in 1941, was too late.
The plaintiff urges that he has a right under Section 202 of the Act of June 25,1938, 52 Stat. 1175, to the benefit of a correction made by the Secretary of the Navy on July 80, 1941, when, in response to his inquiry, he was told that, counting foreign service as double time, he had completed 30 years of service on July 4, 1928. Section 202 of the 1938 Act includes this language:
Provided, further, That the Secretary of the Navy, upon discovery of any error or omission in the service, rank, or rating for transfer or retirement, is authorized to correct the same and upon such correction the person so transferred or retired shall be entitled to pay and allowances, in accordance with his rank or rating and length of service as determined by the Secretary of the Navy.
We think that the letter from the Marine Corps of July 30, 1941, was not a correction of any error or omission contemplated by Section 202. It was nothing but a statement of the facts as they appeared, and had appeared in the records of the Marine Corps. The plaintiff’s rights, therefore, cannot be predicated upon a corrected record, and be regarded as accruing at the time of the correction, since, in our view, there was no correction.
The plaintiff urges us to reconsider our holding in the case of Timothy A. Dugan v. United States, 100 C. Cls. 7, that in any event the beneficiary of a correction made under Section 202 could not recover allowances for a period before the date of his transfer to the retired list. In view of our conclusion that the plaintiff’s claim is barred by the statute of limitations, we have no occasion here to reconsider the question decided in the Dug am, case. Neither do we consider the Government’s contention that the plaintiff agreed with it *795 to be bound by tbe decision in the Dugan case, and to move to dismiss this petition if the court’s decision on that point in the Dugan case was adverse to the plaintiff’s contention here.
The plaintiff’s petition will be dismissed. It is so ordered.
Whitaker, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
Jokes, Judge, took no part in the decision of this case.